## DALLAS *v.* AUSTIN.

### Opinion delivered October 23, 1922.

BROKERS—RIGHT TO COMMISSION.—A broker is not entitled to a commission where he procures a purchaser under a verbal and therefore unenforceable contract who afterwards declines to carry out same, the broker in such case not having procured a purchaser ready, able and willing to perform.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; affirmed.

STATEMENT OF FACTS.

This appeal involves the right of D. E. Dallas to establish a claim against the estate of T. B. Feazor, deceased, for compensation alleged to be due under a ver bal contract with T. B. Feazor to sell for him certain real estate in the city of Hot Springs, Arkansas.

The material facts are undisputed and are as follows: In June, 1919, D. E. Dallas was a real estate agent in Hot Springs, Arkansas, and T. B. Feazor owned certain property in that city known as the Keeley Institute. Feazor listed his property for sale with Dallas, and it was the understanding between them that Feazor should receive $11,000 net for the property, and that Dallas should have as commissions all that he sold the property for over that sum. Dallas made a verbal agreement with William Tiefel to sell the property to him for $12,000 and to furnish an abstract of title showing a good and merchantable title in T. B. Feazor. About three o'clock on the afternoon of June 4, 1919, Dallas took Tiefel to see Feazor, and an oral agreement was reached between Feazor and Tiefel for the latter to purchase the property for $12,000, and Feazor to furnish an abstract of title showing a good and merchantable title in the property in himself. Feazor was apparently in good health at this time, but suddenly died between six and eight o'clock on the evening of the same day. Feazor died testate, and Lowery Austin duly qualified as the executor of his will. Tiefel was advised by his attorney that a good title to the property could not be conveyed to him until it was shown that all State and Federal inheritance taxes which might be due by Feazor's estate were paid, and until the time for filing claims against said estate had expired. The attorney also advised Tiefel that the title to said property was not a good and marketable title.

The executor of Feazor's estate and the devisees under his will offered to carry out his contract with Tiefel and to convey said property to him. They showed him that the estate was solvent, and that there was plenty

of other property to pay any claims that might be filed and proved against the estate. Nevertheless Tiefel declined to carry out his contract for the purchase of the property, and subsequently the property was sold to another person for $10,000. Dallas exhibited his claim for compensation under the contract with Feazor for the sale of said property to the executor, who disallowed it. The judgment of the probate court was also against him, and Dallas appealed to the circuit court.

The circuit court was of the opinion, under the facts recited above, that the estate of T. B. Feazor, deceased, was not indebted to D. E. Dallas on said claim, and judgment was rendered accordingly. The case is here on appeal.

*L. E. Sawyer* and *Roy M. Sayre,* for appellant.

Where a broker furnishes a purchaser, and the purchaser is in no way at fault, and the transaction fails, the broker is entitled to his commission. 81 Ark. 96. Upon the failure of the party offering real estate for sale to furnish a good and marketable title, a broker is entitled to his commission where he has furnished a purchaser, ready, willing and able to perform the contract. 112 Ark. 570. In this case a good title could not be furnished because of certain defects of which the broker was not aware.

*Williamson & Williamson,* for appellee.

Conceding that appellant had a contract for the sale of the property, he has not complied with its terms and has not earned a commission. Before he was entitled to a commission, he must secure a binding contract of sale, and must effect the sale, unless prevented by some act of the seller. 149 Ark. 118; 78 N. E. 106; 81 Ark. 96; 9 C. J. 609; 89 Ark. 289; 87 Ark. 506; 131 Ark. 576; 132 Ark. 378.

The death of the principal before consummation of the sale terminated the authority of the broker. Vol 2, Ann. Cas. 888; 71 Pac. 965; 9 C. J. 522.

Hart, J., (after stating the facts). In *Wales-Riggs Plantations* v. *Pumphrey,* 141 Ark. 565, and in numerous other decisions, this court has held that when an agent procures a person who is ready, able, and willing to purchase the property upon the terms under which the agent is authorized to negotiate the sale, and the owner refuses to convey, the agent is entitled to his commission. But the facts of this case do not bring it within the rule announced in the cases referred to.

In the instant case, after Feazor had died, the executor and devisees under his will offered to carry out the contract by conveying the property to Tiefel; but Tiefel, upon the advice of counsel, declined to complete his contract of purchase. So there was no default or failure upon the part of the owner to carry out the contract, and it cannot be said that the purchaser was prevented by any act of the owner from acquiring the property. The purchaser himself declined to complete the contract upon the advice of his attorney. The contract between Feazor and Tiefel was a verbal one, and was not enforceable under the fourth section of our statute of frauds. Crawford & Moses' Digest, § 4862.

The failure of Tiefel to carry out his verbal agreement for the purchase of the land prevented the contract from being completed. Hence Dallas does not make out a case for the recovery of commissions against the estate of T. B. Feazor, deceased, by showing that he secured a contract with a person ready, willing and able to perform the contract on his part.

The case was tried before the circuit court sitting as a jury, and the circuit court properly found the facts and declared the law to be in favor of appellee.

It follows that the judgment must be affirmed.